United States District Court
Southern District of Texas

**ENTERED**

March 09, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JAMES LEWIS COQUAT, | § | |
| | § | |
| Petitioner, | § | |
| V. | § | CIVIL ACTION NO. 2:24-CV-00191 |
| | § | |
| BOBBY LUMPKIN-DIRECTOR TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

## <u>ORDER ADOPTING MEMORANDUM AND RECOMMENDATION</u>

Before the Court is Magistrate Judge Jason B. Libby's Memorandum and Recommendation ("M&R"). (D.E. 25). The M&R recommends that the Court grant Respondent's motion for summary judgment, (D.E. 15), dismiss Petitioner's Petition for Habeas Corpus, (D.E. 1), and deny Petitioner a certificate of appealability. (D.E. 25, p. 1). Petitioner filed written objections. (D.E. 26). After review, the Court **OVERRULES** Petitioner's objections, (D.E. 26), and **ADOPTS** the M&R in its entirety, (D.E. 25). Accordingly, the Court **GRANTS** Respondent's motion for summary judgment, (D.E. 15), and **DISMISSES** Petitioner's petition, (D.E. 1).

### I. Law

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). A party must point out with particularity any alleged errors in the magistrate judge's analysis. *Pelko v. Perales*, No. 2:23-CV-00339, 2024 WL 1972896, at *1 (S.D. Tex. May 3, 2024) (Ramos, J.). "Frivolous, conclusive or general objections need not be considered by the district

1/3

court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc) (*overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1416 (5th Cir. 1996) (en banc)) (*superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1)). When a party raises a new argument in his objections that was not first presented to the magistrate judge, it is not properly before the Court. *United States v. Armstrong*, 951 F.2d 626, 630 (5th Cir. 1992). Moreover, "[o]bjections that merely re-urge arguments contained in the original briefing are not proper and will not be considered." *Neisen v. Nueces Cnty.*, No. 2:24-CV-00088, 2025 WL 1111549, at *1 (S.D. Tex. Apr. 15, 2025) (Morales, J.) (citing *Edmonds v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993)).

## II. Analysis

Petitioner raises two objections to the M&R. (D.E. 26). The Court addresses those below.[1]

First, Petitioner objects that Respondent's motion for summary judgment should be denied because Respondent has also filed an answer in this case. (D.E. 26, p. 3–4). The Court is aware of another federal district's practice of resolving habeas cases by denying motions for summary judgment where the State has filed an answer and the Court is capable of resolving the petition directly on the basis of the answer alone. *Storey v. Stephens*, No. 4:11-CV-433-O, 2014 WL 11498188, at *1 (N.D. Tex. Mar. 4, 2014) (O'Connor, J.); *Anderson v. Johnson*, No. 2:99-CV-0389, 2001 WL 34144639, at *1 (N.D. Tex. Sept. 27, 2001) (Averitte, Mag. J.).

This Court is not bound by that practice and may resolve habeas petitions through summary judgment if it so chooses. *Chavez v. Davis*, No. 1:16-283, 2017 WL 6883908, at *5 (S.D. Tex. Aug. 17, 2017) (Morgan, Mag. J.) ("Summary judgment is an appropriate vehicle through which to

---

[1] As to any objection not explicitly discussed below, the Court **OVERRRULES** it as merely re-urging arguments already presented to and rejected by the Magistrate Judge, *Neisen*, 2025 WL 1111549, at *1, or as lacking sufficient particularity. *Pelko*, 2024 WL 1972896, at *1. Nevertheless, the Court has reviewed the entire record and M&R de novo and reaches the same conclusion as the Magistrate Judge.

2/3

resolve a habeas petition, where the facts otherwise support such resolution." (citing *Goodrum v. Quarterman*, 547 F.3d 249, 255 (5th Cir. 2008)), *adopted*, No. B-16-283, 2018 WL 339540, at \*1 (S.D. Tex. Jan. 9, 2018) (Hanen, J.) (citation modified). As there would be no substantive difference whether the Court grants Respondent's motion for summary judgment or denies the petition outright, the Court **OVERRULES** Petitioner's objection.

Second, Petitioner objects that the M&R did not consider Petitioner's cited case, *United States v. Charley*, 189 F.3d 1251 (10th Cir. 1999). (D.E. 26, p. 7–8). However, the M&R did address Petitioner's cited case in a footnote, (D.E. 25, p. 16 n.9), along with his broader argument. *Id.* at 15–18. The M&R therefore did not err, and the Court **OVERRULES** Petitioner's objection.

### III. Conclusion

Having reviewed the proposed findings and conclusions of the M&R, the record, the applicable law, and having made a de novo review of the portions of the M&R to which Petitioner's objections are directed, 28 U.S.C. § 636(b)(1)(C), the Court **OVERRULES** Petitioner's objections, (D.E. 26), and **ADOPTS** the M&R in its entirety, (D.E. 25). The Court therefore **GRANTS** Respondent's motion for summary judgment, (D.E. 15), and **DISMISSES** Petitioner's petition. (D.E. 1). The Court will enter a final judgment separately.

SO ORDERED.

DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
March 9th, 2026

3/3